**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEQUENTIN WEBBER, | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-251 |
| vs. | ) | |
| | ) | |
| COWORX STAFFING SERVICES LLC, | ) | <u>Jury Demanded</u> |
| | ) | |
| Defendant. | ) | |

### <u>CLASS ACTION COMPLAINT</u>

Plaintiff DeQuentin Webber, on behalf of himself and a putative class, brings this Class

Action Complaint against Defendant CoWorx Staffing Services LLC, for their violation of the

Illinois Biometric Privacy Act, and alleges the following:

### NATURE OF THE ACTION

1.      When employees are hired by CoWorx Staffing Services LLC ("CoWorx"), and placed at

their St. Charles location, they have their handprints scanned into one of its biometric time

clocks.

2.      Each day the employees would have their handprints scanned to enter and exit the

building.

3.      Employees also had their hand scanned an additional time each day to log their working

hours.

4.      The use of biometric time clocks in the workplace entails serious risks. Unlike key fobs,

identification cards, or identification codes or pins —which can be changed or replaced if stolen

or compromised— handprints are permanent, unique biometric identifiers associated with the

employee forever. Whereas other security measures that may be misplaced or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

5.  Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as handprints.

6.  CoWorx violated its employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

7.  Plaintiff DeQuentin Webber is a natural person and resident of this district, a citizen of Illinois, and a former employee of CoWorx.

8.  CoWorx Staffing Services LLC is a Delaware company, with its manager located in Morristown, New Jersey, its registered agent, Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinoi 62703, and with various locations throughout sixteen states. CoWorx is not a citizen of Illinois.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA") because the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000.

10.  Based on Plaintiff's experience and observations working at the St. Charles location and the fact that there are multiple other CoWorx locations, the class is believed to have more than 100 members.

11.     This Court has personal jurisdiction over the Defendant because they conduct a substantial amount of business here and committed a tortuous act in Illinois, which forms the basis of Plaintiff's claims.

12.     Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13.     CoWorx is a staffing company that employs people by placing employees with companies it is contracted with.

14.     Plaintiff was employed by CoWorx to work at RR Donnelley & Sons at the CoWorx/RR Donnelley "On-Site" location in St. Charles, Illinois from July to September of 2016.

15.     At the start of his employment, his handprint was obtained using a handprint scanner and stored for the purpose of tracking his work hours.

16.     Plaintiff's handprint was then captured three times per day during the two months of his employment while he was assigned to St, Charles site:, twice to enter and exit the facility and once to log his hours.

17.     Plaintiff observed everyone scanning their hand, including his supervisors.

18.     Plaintiff scanned his hand using a machine that looked like a small computer with an LCD screen, with a tray underneath.

19.     Plaintiff would insert his right hand having to separate each finger to get an accurate scan.

20.     CoWorx stored Plaintiff's and other employees' handprint data in a database.

21.     CoWorx has seven locations in Illinois, employing and staffing hundreds of employees, many of whom have likely moved out of state. On information and belief, CoWorx uses a similar biometric access system at its other locations.

22.     More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

23.     Under the act, a handprint is a biometric identifier. *Id.* at § 14/10.

24.     Defendant's practice is to scan the handprint of their numerous employees for future use.

25.     Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

26.     Plaintiff's and Class members' handprints were obtained, stored, and are later used to identify them.

27.     Each time Plaintiff and the Class members used the handprint time clock, Defendant obtained their biometric information (i.e., handprint) and then transmitted that biometric information to an internal or external server to compare it to the biometric information they stored in their database.

28.     Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a). Private entities must also comply with that policy.

29.     Defendant has not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such

policy and no policy was made publicly available. Based on these facts, Defendant did not develop any policy regarding biometric information nor could they have complied with any (non-existent) policy.

30.     Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

31.     Neither Plaintiff nor any member of the Class were informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

32.     Under the act, a private entity in possession of a person's biometric identifier or information may not disclose or disseminate the information except in certain specific situations, such as to comply with a valid warrant or subpoena. *Id.* at § 14/15(d).

33.     Defendant violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, and otherwise disseminating Plaintiff's and Class members' biometric identifiers and information where the individuals did not consent to such disclosure and it was not: a) part of a financial transaction; b) required by any law; or, c) pursuant to a valid warrant or subpoena.

34.     Finally, under the act, a private entity in possession of a person's biometric identifier or information must store, transmit, and protect the information from disclosure using a reasonable standard of care for their industry and in a manner that is the same or more protective than the

manner in which the private entity stores, transmits, and protects other confidential and sensitive information. *Id.* at § 14/15(e).

35.     On information and belief, access to the fingerprint database was essentially open to large numbers of the Defendant's employees, agents, and subcontractors. Defendant did not store, transmit, or protect the fingerprint database in the same way it would do so to other sensitive information. Access to the database was possible not only on-site but also through a web-portal. Passwords to access the database were weak and/or shared and the biometric information and identifiers were not encrypted.

36.     CoWorx knew that to covertly collect personal and private data and biometric information would violate the privacy rights that BIPA was enacted to protect and that the violations would cause substantial harm to Illinois residents.

## CLASS ALLEGATIONS

37.     DeQuentin Webber brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed by CoWorx in Illinois, and whose biometric identifiers or information is or was collected, captured or otherwise obtained by the company, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

38.     On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendant has saved handprint scans of hunudreds of their various employees, without written releases.

39.     CoWorx employs and has employed thousands of employees at its various Illinois locations.

40.     Common questions of law and fact exist and predominate over individual questions and include:

    a.      Whether Defendant collected, captured, or otherwise obtained the Class's biometric identifiers;

    b.      Whether Defendant informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

    c.      Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendant;

    d.      Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

    e.      The extent of any damages incurred by Class members as a result of Defendant's actions.

41.     Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by Defendant.

42.     Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

43.     A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

## **COUNT I – VIOLATION OF THE BIOMETRIC INFORMATION PRIVACY ACT**

44. Plaintiff restates and alleges the above paragraphs, 1-39, as if set forth fully herein.

45. Defendant violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule and by failing to comply with any such policy.

46. Defendant violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

47. Defendant violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff's and the Class members' biometric information.

48. Defendant violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the handprint database with the requisite level of care.

49. Defendant used Plaintiff's and the Class members' handprints to identify them, and thus that handprint data is "biometric information" under BIPA. *See* 740 ILCS § 14/10.

50. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

51. As a direct result of these violations, Plaintiff and the Class suffered and continue to suffer injury and actual, economic, and emotional damages.

52. Plaintiff DeQuentin Webber, on behalf of himself and the Class, respectfully requests that the Court enter an Order:

    a. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

b.  Awarding statutory damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendant committed;

c.  Awarding Plaintiff a reasonable incentive award;

d.  Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendant to destroy their biometric identifiers and information after termination of the employment relationship;

e.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

f.  Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted:<br>
/s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com
*Attorneys for Plaintiff*